WILLIAM J. GREEN, Appellant, *v.* THE PEOPLE, Appellees.

APPEAL FROM CLAY.

In an indictment for playing at a game with cards, for money, it is not necessary to state with whom the defendant played.

THE record in this case presents an indictment preferred by the grand jury of Clay county, against the plaintiff in error, " for playing at a game with cards, for money, to wit: the sum of one dollar." The defendant was arrested at the return term of the writ, appeared, and it appearing that he played with no other person, as charged in the indictment, moved the court to quash the indictment, as charging no offense under our statute. This motion was overruled, and the defendant required to plead, which he did, by traversing the allegations of the indictment by a plea of " not guilty." The cause was tried by the court, and a verdict of guilty returned; whereupon the defendant was fined ten dollars and costs of suit, which he replevied, etc. This writ of error is prosecuted to reverse the said judgment of

conviction, under an agreement with the State's Attorney, which is made a part of the record in this cause.

The error of the court below, on which defendant relies for this reversal, is in refusing to allow the motion to quash the indictment in that behalf, and in requiring the defendant to plead to the charge in the indictment, set forth in the record.

C. CONSTABLE, for Appellant.

J. B. WHITE, District Attorney, for The People.

CATON, C. J. This was an indictment "for playing at a game with cards, for money, to wit: the sum of one dollar." A motion was made to quash the indictment, because it does not state with whom the defendant played, which motion was over-ruled, and this is now assigned for error. The grounds for this motion presuppose that there is no game at cards, upon which the defendant might have wagered a dollar, and which he could have played by himself. We have been informed by those who profess to be learned in such matters, that such is not the case, but that there is a game at cards which may be played by one person alone, and that it even requires great skill and a very retentive memory to win that game. However this may be, we cannot say judicially that this is not so, and that the game, for playing which the defendant was indicted, must necessarily have been played with some other person, whose name might have been stated in the indictment.

But even were we sufficiently informed on the subject, that we might take judicial notice that all games at cards must be played by two or more persons, we think that the principle settled in the case of *Cannady* v. *The People*, 17 Ill. R. 158, determines this question against the plaintiff in error. That was an indictment for selling liquor without license, and it was objected that the name of the person to whom the liquor was sold was not given, but the indictment was held sufficient. The objection in this case is founded upon the same reason as in that, and must be determined in the same way. The judgment must be affirmed.

WALKER, J., dissenting. I am unable to concur in the opinion of the majority of the court, in this case. I understand it to be an inflexible rule of pleading, that an indictment should be so certain as to fully apprise the defendant of the specific offense for which he is required to answer. I think this indictment fails in this respect, as it nowhere states with whom defendant played, the kind of game he played, or the person with whom he bet the money. I am unable to perceive how the de-

fendant is notified, so as to be able to make his defense. Under this indictment evidence may be received of any game defendant may have played with cards within the statute of limitations, with any person, or at any particular game ; and which offense he was required to answer, he could not, from the indictment, determine. For these reasons I am of the opinion that the indictment should have been quashed.

*Judgment affirmed.*